UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JAWARA BROCKETT and JAMALI BROCKETT,                14-CV-4548

                            Plaintiff,

                                                   **COMPLAINT**
                                                   Plaintiffs Demand
              -against-                         A Trial by Jury


CITY OF NEW YORK, COUNTY OF KINGS, KINGS
COUNTY DISTRICT ATTORNEY'S OFFICE, CHARLES
J. HYNES and LAUREN HERSH,

                            Defendants.
-------------------------------------------------------------------------X

       Plaintiffs, by their attorney, DEVON M. WILT, respectfully alleges as follows:

## JURISDICTION

       1.     This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983 and 1985.

       2.     Plaintiffs further invoke the pendent jurisdiction of this Court to consider claims arising under State Law.

## VENUE

       3.     The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County of Kings, City and State of New York, in the Eastern District of New York.

## *PARTIES*

4. Plaintiff, *JAWARA BROCKETT (JAWARA B.)*, is and was at all times herein mentioned, a citizen and a resident of the State of New York.

5. Plaintiff, *JAMALI BROCKETT (JAMALI B.)*, is and was at all times herein mentioned, a citizen and a resident of the State of New York

6. That at all times herein mentioned, plaintiff's *JAWARA B.* and *JAMALI B.* were and are persons within the jurisdiction and entitled to the protection of the laws of the United States of America.

7. The defendant, *CITY OF NEW YORK (CITY)*, is a municipal corporation and political subdivision of the State of New York.

8. The defendant, *COUNTY OF KINGS (KINGS)* is a municipal corporation and under the supervision and control of the defendant *CITY*.

9. That defendant, *KINGS COUNTY DISTRICT ATTORNEY'S OFFICE (KDA)* is a municipal corporation under the supervision and control of the defendants *CITY* and *KINGS*.

10. That defendant, *CHARLES J. HYNES (HYNES)*, was the District Attorney of Kings County and employed by the defendants, *CITY ,KDA and.KINGS.*

11. That defendant, *LAUREN HERSH (HERSH),* was an Assistant District Attorney in the office of the defendant *KDA* and employed by the defendants *CITY, KDA and KINGS.*

12. That at all times herein mentioned, the defendant *HYNES* was acting in his capacity as the District Attorney of Kings County and as such, was acting as the agent, officer, servant and employee of the defendants, *CITY ,KDA, and KINGS..* He is sued individually and in his official capacity.

13. That at all the times herein mentioned, defendant **HYNES** was acting under color of state law and under his authority as District Attorney of Kings County.

14. That at all times herein mentioned, the defendant **HERSH** was employed by the defendants **CITY, KDA and KINGS**, in the capacity of Chief of the Sex Trafficking Unit of the Kings County District Attorney, and was acting in such capacity as the agent, officer, servant and employee of the defendants, **CITY, KDA and KINGS.** She is sued individually and in her official capacity.

15. That at all the times herein mentioned, defendant **HERSH** was acting under color of state law and under her authority as Chief of the Sex Trafficking Unit of the defendant **KDA**.

16. That at all the times herein mentioned, defendants, **HYNES** and **HERSH,** were participants in the arrest and prosecution of plaintiffs **JAWARA B.** and **JAMALI B.** from June 28, 2011 to June 26, 2012.

## *FACTS*

17. On or about March 31st, 2010, an alleged rape victim made a complaint to a New York City police officer that she had been assaulted and raped by the plaintiffs.

18. On April 1st, 2010 NYPD police officer Maceio Laurel was assigned to interview the alleged rape victim at Kings County Hospital.

19. On April 1st, 2010, the alleged victim recanted her rape and assault allegations to officer Laurel and signed a statement recanting her allegations and requested that the investigation be closed.

20. On April 2nd, 2010 due to the victim's recantation officer Laurel who investigated the allegations recommended that the investigation be closed.

21. The alleged rape victim's recantation was done one (1) year prior to the plaintiffs' arrest on June 28, 2011.

22. On June 27th, 2010, the Grand Jury of Kings County indicted and charged the Plaintiffs, **JAWARA B.** and **JAMALI B.** with the crimes of Rape in the First Degree and related charges in the Supreme Court of the State Of New York, County of Kings, by Indictment 5226-2011.

23. On or about June 28, 2011, the plaintiffs, **JAWARA B.** and **JAMALI B.**, were arrested by the New York City Police Department, in the County of Kings, City and State of New York.

24. Plaintiff **JAWARA B.** and plaintiff **JAMALI B.** at their arraignment in the Supreme Court Kings County entered pleas of Not Guilty.

25. Plaintiffs **JAWARA B.** and **JAMALI B.** were not able to post bail and remained incarcerated.

26. Defendants **CITY, KDA, HYNES** and **HERSH,** were aware of and had knowledge that the alleged rape victim had recanted her rape allegations against the plaintiffs' prior to their arrest and arraignment for the crime of Rape in the First Degree and related crimes.

27. Defendant **HERSH** conspired with the alleged rape victim to provide false testimony to the Grand Jury in furtherance of the plaintiffs' **JAWARA B.** and **JAMALI B.** indictment.

28. On or about April 13th, 2012 a newly assigned assistant district attorney to the indictment sent a letter to each plaintiff's defense attorney enclosing documents disclosing the recantation of April 1st, 2010. The documents disclosed that the alleged victim had made the false allegations in order to obtain birth control.

29. Based upon the newly disclosed evidence, each plaintiff was Released On Their Own Recognizance (ROR).

30. Neither plaintiff was released due to other pending cases.

31. Defendant **HERSH** intentionally withheld exculpatory evidence from plaintiffs' defense attorneys, the court and the grand jury, including, but not limited to, statements of the alleged rape victim wherein she told members of the New York City Police Department that she had not been raped by plaintiffs' *JAWARA B.* and *JAMALI B.*.

32. On June 26, 2012, before Justice John P. Walsh of the Supreme Court of the State of New York, County of Kings, all charges against the plaintiffs' *JAWARA B.* and *JAMALI B.* were dismissed on the motion of defendant **KDA**.

33. Defendants, **CITY, KDA, HYNES** and **HERSH,** jointly and severally, while acting in active concert, committed the following acts:

   a) Without a legal or just reason or probable cause had each plaintiff arrested and imprisoned.

   b) Intentionally failed to advise each plaintiff of the recantation.

   c) Covered-up their actions by proceeding with the prosecution of the indictment as if there was no recantation.

   d) Conspired with the alleged rape victim to provide false testimony to the grand jury in furtherance of the plaintiffs' *JAWARA B.* and *JAMALI B.* indictment.

   e) Intentionally withheld exculpatory evidence from the plaintiffs' *JAWARA B.* and *JAMALI B.* defense attorneys.

   f) Held the plaintiffs *JAWARA B.* and *JAMALI B.* in custody for three hundred and sixty three (363) days knowing that the indictment contained false information.

g) Failed and refused to timely advise each plaintiff of the recantation in violation of their oath and obligations as attorneys under Brady v. Maryland.

h) Had a police officer falsely testify in the grand jury when the defendants knew that the plaintiffs had not committed such crimes.

## *FIRST CAUSE OF ACTION*

34. Plaintiffs repeat and reallege each and every allegation contained in paragraphs numbered "1" through "33" herein, as if the same were set forth herein more fully and at length.

35. The defendants, **CITY, KDA, HYNES** and **HERSH,** jointly and severally, acting in active concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of the plaintiffs', **JAWARA B.** and **JAMALI B.,** Constitutional and Civil Rights as alleged, did actively conspire to prevent plaintiffs from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify their actions as set forth above.

36. That by engaging in the foregoing acts, the defendants, **HYNES** and **HERSH,** all committed under color of state law and under their authority as District Attorney of Kings County and Chief of the Sex Trafficking Unit of the Kings County District Attorney Office and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, **CITY** and **KDA,** jointly and severally, entered into and carried out a plan and scheme designed and intended to deny and deprive the plaintiffs of their rights, privileges and immunities as guaranteed to them by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiffs of their rights, privileges and immunities.

6

## **_SECOND CAUSE OF ACTION_**

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "33" herein, as if the same were set forth herein more fully and at length.

38. The defendants, **_CITY, KDA, HYNES_** and **_HERSH,_** jointly and severally, acting in active concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of the plaintiffs' Constitutional and Civil Rights as previously alleged, did actively conspire to prevent plaintiffs from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify their actions and in furtherance of, they initiated a prosecution against the plaintiffs' while having no probable cause to believe that plaintiffs committed any crimes.

39. The defendants, **_CITY, KDA, HYNES_** and **_HERSH,_** jointly and severally, acting in active concert and under color of state law, acted with malice in initiating a prosecution against the plaintiffs, causing each plaintiff to be falsely arrested and imprisoned.

40. The prosecution against the plaintiffs' was terminated in their favor.

41. That by engaging in the foregoing acts, the defendants, **_HYNES_** and **_HERSH_**, all committed under color of state law and under their authority as District Attorney of Kings County and Chief of the Sex Trafficking Unit of the Kings County District Attorney Office of the defendants, **_CITY_** and **_KDA_**, and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, **_CITY_** and **_KDA_**, the defendants, jointly and severally, entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiffs of their rights, privileges and immunities as guaranteed to them by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiffs of their rights, privileges and immunities.

WHEREFORE, each plaintiff, demands judgment as follows:

A. As to the first cause of action: In favor of each plaintiff against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

B. As to the second cause of action: In favor of each plaintiff against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars and punitive damages against the defendants in the amount of Twenty-Five Million ($25,000,000.00) Dollars.

C. For such other and further relief as to this Court may deem just and proper, including costs and reasonable attorney's fees.

Dated: New York, New York
       July 29, 2014

DEVON M. WILT (DW-2120)
Attorney for Plaintiffs
7 Dey Street
New York, New York 10007
(212) 406-9200

| Index No.: | Year | RJI No.: | Hon: |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAWARA BROCKETT and JAMALI BROCKETT,

                Plaintiffs,

  -against-

CITY OF NEW YORK, COUNTY OF KINGS, KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, CHARLES J. HYNES and LAUREN HERSH,

                Defendants.

## COMPLAINT

**DEVON M. WILT**
Attorney for Plaintiffs
Office & Post Office Address, Telephone
**7 DEY STREET
NEW YORK, N.Y. 10007
(212) 406-9200**

To:                                                                 Signature (Rule 130-1.1-a)

Print name beneath                                                  Attorney(s) for

Service of a copy of the within                                     is hereby admitted.
Dated,

                                                                              Attorney(s) for

Please take notice
ǐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
ǐ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                                         on

                                                                      Yours, etc.
To:                                                                 DEVON M. WILT
                                                                      Attorney for Plaintiffs

Attorney(s) for:                                                    **7 DEY STREET, SUITE 1401
                                                                      NEW YORK, NY 10007**